T.C. Summary Opinion 2016-50

UNITED STATES TAX COURT

CHRISTIE M. NAWROT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15572-12S.                     Filed August 31, 2016.

Christie M. Nawrot, pro se.

<u>Elke E. Franklin</u> and <u>Lauren N. May</u>, for respondent.

SUMMARY OPINION

GALE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] in effect when the petition was filed.  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code of 1986, as in effect for the year at issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are

(continued...)

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $9,887 and an accuracy-related penalty under section 6662(a) of $1,977. After concessions,[2] the issues for decision are whether petitioner:

(1) is entitled to deduct tax return preparation fee expenses in amounts greater than those respondent allowed;

(2) is entitled to deduct unreimbursed employee business expenses in amounts greater than those respondent allowed;

---

[1](...continued)
rounded to the nearest dollar.

[2]Petitioner has conceded that she is not entitled to deduct the following unreimbursed employee business expenses reported for 2006: (1) $757 of vehicle expenses, (2) $3,600 of business expenses, (3) $375 of "ASTD" expenses, (4) $550 of professional subscription expenses, (5) $1,700 of "Leadership Today" expenses, (6) $1,731 of clothing expenses, and (7) $2,365 of travel and meals and entertainment expenses. Petitioner has also conceded that she is not entitled to deduct the following expenses reported on her Schedule C, Profit or Loss From Business, for 2006: (1) $3,600 of office expenses, (2) $5,500 of returns and allowances, (3) $13,289 of travel expenses, and (4) $3,880 of meals and entertainment expenses. Respondent has conceded that petitioner is entitled to deduct Schedule C expenses of $949 and $49 for travel and meals and entertainment, respectively, for 2006.

(3) is entitled to deduct travel expenses in amounts greater than those respondent allowed; and

(4) is liable for an accuracy-related penalty under section 6662(a).

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Illinois.

Petitioner was employed by RWD Technologies (RWD) as a project manager in 2006 and traveled frequently in that position. During 2006 RWD maintained a written policy for reimbursing employees for reasonable work-related expenses they incurred while traveling on its behalf, including meals, lodging, airfare, and car rental. To claim reimbursement for business travel, petitioner was required to enter her expenses into a resource management data system maintained by RWD. The data system then compiled the expenses submitted for each business trip into a "trip costs statement" (trip statement) that was sent to RWD along with scanned documentation of petitioner's claimed expenses. More than one trip statement could be created and submitted for a particular business trip. RWD maintained records of the reimbursements it made to petitioner for business travel, which included the dates of the trip, the date of

reimbursement, and the reimbursement amount (RWD reimbursement logs). RWD reimbursed petitioner for expenses associated with her 2006 business travel of $28,652 and $31,863 in 2006 and 2007, respectively.

Petitioner also conducted a sole proprietorship separate from her employment at RWD during 2006 under the name of CJ Consulting & Training (Consulting). The Schedule C that petitioner attached to her Federal income tax return for 2006 reported the principal business of the proprietorship as "Training Documentation and Delivery".

Petitioner untimely filed her 2006 return on August 2, 2010. Therein she claimed deductions on Schedule A, Itemized Deductions, totaling $28,550, including a $375 expense for tax return preparation fees and the following unreimbursed employee business expenses as reflected on Form 2106, Employee Business Expenses:

| Expense | Amount |
|---|---|
| Parking fees, tolls, and transportation | $762 |
| Travel | 3,595 |
| Meals and entertainment | [1]1,778 |
| Clothing | 2,000 |

[1]Because of the 50% limitation of sec. 274(n), petitioner claimed only an $889 deduction for unreimbursed meals and entertainment expenses.

The Schedule C attached to petitioner's 2006 return claimed, among other items, a $14,899 deduction for travel expenses and a $4,125 deduction for meals and entertainment expenses.

Respondent subsequently issued a notice of deficiency to petitioner with respect to her 2006 taxable year disallowing the aforementioned deductions (as well as various deductions that petitioner now concedes) and determining an accuracy-related penalty under section 6662(a).

Petitioner filed a timely petition for redetermination.

## Discussion

Applicable Law

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the

determinations are erroneous. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the burden of showing entitlement to a claimed deduction is on the taxpayer.[3] Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>see also</u> sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976).

Section 162 allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred by the taxpayer in carrying on a trade or business, including expenses paid or incurred as an employee. <u>Lucas v. Commissioner</u>, 79 T.C. 1, 6 (1982). However, taxpayers must maintain adequate books and records sufficient to establish the amounts of any expenses. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In the event a taxpayer establishes that he has incurred a deductible expense but is unable to substantiate the precise amount, the Court may approximate the amount of the deduction, bearing heavily against the taxpayer whose inexactitude is of his own making. <u>Cohan v. Commissioner</u>, 39 F.2d 540 (2d Cir. 1930).

---

[3]With the exception of certain Schedule C deductions discussed <u>infra</u>, petitioner has not claimed or shown entitlement to a shift in the burden of proof to respondent under sec. 7491(a).

Section 274(d) overrides the <u>Cohan</u> rule with regard to certain expenses and imposes stricter substantiation requirements for deductions of travel and meals and entertainment expenses.  <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), <u>aff'd per curiam</u>, 412 F.2d 210 (2d Cir. 1969).  No deduction is allowed unless the taxpayer substantiates, by adequate records or by sufficient evidence corroborating the taxpayer's own statement, the amount, time and place, business purpose, and business relationship to the taxpayer of the recipient of each expenditure.  Sec. 274(d); sec. 1.274-5T(a), (b), and (c), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

Regarding expenses incurred by a taxpayer as an employee, a deduction under section 162 is not allowable to the extent that the employee is entitled to (but does not claim) reimbursement of the expense.  <u>Lucas v. Commissioner</u>, 79 T.C. at 7; <u>Podems v. Commissioner</u>, 24 T.C. 21, 22-23 (1955).  Such an expense generally is not considered "necessary".  <u>See</u> <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986), <u>aff'g</u> T.C. Memo. 1984-533; <u>Podems v. Commissioner</u>, 24 T.C. at 22-23.

Schedule A Deductions

Employee Business Expenses

Petitioner claimed deductions totaling $15,117 for unreimbursed employee business expenses for 2006, all of which was disallowed in the notice of deficiency. Petitioner has now conceded all of the disallowed expense deductions except deductions for $3,008 of travel and meals and entertainment expenses, $269 of clothing expenses, and $762 of parking fees, tolls, and transportation expenses.

Travel and Meals and Entertainment Expenses

Petitioner contends that RWD failed to reimburse her for airfare, lodging, meal, and transportation expenses incurred on four business trips taken in 2006 for which she submitted claims for reimbursement. Specifically, petitioner claims she was not reimbursed for: (1) a trip to Cleveland, Ohio, from July 30 through August 6, 2006, (2) a trip to Cleveland from October 8 through 12, 2006, (3) a trip to Cleveland on November 23, 2006, and (4) a trip to New York, New York, from December 11 through 13, 2006. To substantiate these expenses and to show she was not reimbursed, petitioner submitted the trip statements for each trip and the RWD reimbursement logs covering her reimbursement for business travel taken

during 2006.[4] Petitioner contends that the expenses reflected in the trip statements for the four trips do not have corresponding entries in the RWD reimbursement logs, demonstrating that she was not reimbursed.

Respondent contends that petitioner has failed to demonstrate that she was not reimbursed, or was not entitled to reimbursement, for these four trips. We agree.

Regarding petitioner's trip statement for the July 30 through August 6, 2006, Cleveland business trip, it is true that the RWD reimbursement logs do not show a corresponding reimbursement for a Cleveland trip on those dates. However, the RWD reimbursement logs do reflect that petitioner was reimbursed $2,970 on May 21, 2007, for a December 10 to 15, 2006, Cleveland business trip. Other evidence nonetheless persuades us that petitioner could not have been on a business trip to Cleveland on those December dates. Specifically, petitioner submitted a trip statement, and the RWD reimbursement logs show that she was

_____

[4]As more fully discussed infra, the RWD reimbursement logs reflect that reimbursement for three of the trips at issue, which were taken in 2006, was not made until 2007. Even so, petitioner would not be entitled to deduct those expenses for 2006 if she was entitled to reimbursement in a subsequent year. See Davoli v. Commissioner, T.C. Memo. 1994-326, 1994 WL 371926, at *2-*3 (citing Flower v. Commissioner, 61 T.C. 140, 152 (1973), aff'd without published opinion, 505 F.2d 1302 (5th Cir. 1974), and Patchen v. Commissioner, 27 T.C. 592, 600 (1956), aff'd in part, rev'd in part, 258 F.2d 544 (5th Cir. 1958)).

reimbursed, for a New York business trip from December 11 to 15, 2006.

Consequently, the evidence persuades us that the RWD reimbursement log entry

showing a reimbursement to petitioner for a December 10 to 15, 2006, Cleveland

business trip is erroneous insofar as the dates are concerned. Instead, we find that

the RWD reimbursement log entry describing a December 10 to 15, 2006,

Cleveland business trip actually covered petitioner's July 30 through August 6,

2006, Cleveland business trip.[5] Accordingly, on this record we conclude that

petitioner was reimbursed for the July 30 through August 6, 2006, Cleveland

business trip.

Turning to petitioner's October 8 to 12, 2006, Cleveland business trip,

petitioner's trip statement shows a claim for reimbursement of $1,254. The RWD

reimbursement logs show that petitioner was reimbursed $1,255 on September 17,

2007, for a trip to Cleveland on those same dates. Consequently, we find that

petitioner was reimbursed for the October 8 to 12, 2006, Cleveland business trip

---

[5]We find no inconsistency in the fact that the RWD log entry for the purported December 10 to 15, 2006, Cleveland business trip indicates a $2,970 reimbursement, while petitioner's trip statement for the July 30 through August 6, 2006, Cleveland business trip reflected $1,450 in expenses. That is because, according to petitioner's testimony, multiple trip statements could be submitted for a given trip. Thus, it is quite plausible that another trip statement was submitted covering other expenses for the July 30 through August 6, 2006, Cleveland business trip that would bring the total reimbursement for that trip to $2,970.

and is not entitled to deduct the $1,254 reflected on the trip statement for the October 8 to 12, 2006, Cleveland business trip.

Petitioner also claims that she was not reimbursed for $269 of expenses incurred during a December 11 to 13, 2006, trip to New York City while attending a professional seminar on behalf of RWD. The RWD reimbursement logs indicate that petitioner was reimbursed $425 on September 17, 2007, for a trip petitioner made on December 10, 2006, identified as "NYC-CLE". The trip statement petitioner submitted to support her claim indicates on its face that a trip identified as "NYC-CLE" took place on December 10, 2006, yet lists expenses incurred between December 11 and 13, 2006. Given the similarities between the two documents, we are convinced that the expenses listed on the trip statement correspond to the December 10, 2006, New York City trip listed on the RWD reimbursement logs. We therefore conclude that petitioner was reimbursed for the $269 of expenses reflected on the December 10, 2006, trip statement.

We last consider petitioner's claim that RWD failed to reimburse her for a $35 gasoline expense incurred during a November 23, 2006, business trip to Cleveland, notwithstanding her request for reimbursement. The trip statement petitioner submitted as substantiation of her reimbursement request states that she incurred a $35 gasoline expense in Cleveland on November 23, 2006. While the

RWD reimbursement logs do not show a corresponding reimbursement for a trip to Cleveland on that date, petitioner has not explained whether she attempted to recoup her expense after RWD failed to honor her initial reimbursement request. An employee may not deduct business expenses to the extent he is entitled to claim reimbursement for them yet fails to do so, see Orvis v. Commissioner, 788 F.2d at 1408, and it is petitioner's burden to demonstrate that she sought the reimbursement she was due. We therefore conclude that petitioner is not entitled to deduct the $35 reflected on the trip statement for the November 23, 2006, Cleveland business trip.

### Clothing Expenses

Petitioner testified that the disputed $269 expense for clothing pertains to steel-toe shoes that RWD required her to purchase. The cost of clothing is deductible as an employee business expense only if the clothing is required for the taxpayer's employment, unsuitable for general wear, and not worn for personal use. Kinney v. Commissioner, T.C. Memo. 2008-287, 2008 WL 5330815, at *9 (citing Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980), and Yeomans v. Commissioner, 30 T.C. 757, 767 (1958)). However, petitioner has not provided any documentary substantiation of her purchase of steel-toe shoes or of any RWD

requirement that she purchase them. We therefore find that petitioner is not entitled to deduct a $269 employee business expense for clothing for 2006.

### Parking Fees, Tolls, and Transportation Expenses

Petitioner did not attempt to substantiate her claimed employee business expense deduction for parking fees, tolls, and transportation or otherwise provide evidence disputing respondent's determination disallowing that deduction. Accordingly, petitioner is deemed to have conceded her claim for a deduction for employee business expenses for parking fees, tolls, and transportation. See Rule 149(b).

### Tax Return Preparation Fees

Petitioner also claimed a $375 deduction for tax return preparation fees on Schedule A, which respondent disallowed. To substantiate this expense petitioner offered only vague testimony that she had recently received supporting documentation from her accountant. Absent any documentary substantiation, we decline to accept petitioner's self-serving and unsupported testimony, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), and find that petitioner is not entitled to a $375 deduction for tax return preparation fees for 2006.

Schedule C Expenses

Petitioner claimed deductions of $14,899 and $4,125 on her Schedule C for travel expenses and meals and entertainment expenses, respectively. The notice of deficiency disallowed both. Respondent has now conceded that petitioner is entitled to deduct travel expenses and meals and entertainment expenses of $949 and $49, respectively. Petitioner concedes that she overstated her reported expenses but claims she is entitled to deduct the following travel expenses associated with two business trips she undertook for Consulting during 2006: (1) $191 she paid in connection with a trip to Beaver Creek, Ohio, on November 19, 2006, and (2) $470 she paid in connection with a trip to Jekyll Island, Georgia, on December 3 to 7, 2006. Petitioner further claims that she is entitled to deduct $196 for meals and entertainment expenses associated with her travel to Jekyll Island.

With respect to the Beaver Creek trip, petitioner introduced no documentary evidence to corroborate her statement that she paid a $191 lodging expense. She has therefore failed to satisfy the substantiation requirements for travel expenses under section 274(d) and is not entitled to deduct this amount.

Regarding her December 2006 trip to Jekyll Island, petitioner claims entitlement to deduct a $199 airline expense, a $131 rental car expense,[6] a $110 lodging expense, and a $49 per diem expense[7] for four days for meals and incidentals, for a total of $636. Petitioner has proffered some substantiation of these expenses that is sufficient to persuade us that she was in Jekyll Island at this time.[8] However, we are not persuaded that the trip had a business purpose.

_____

[6]The estimated charge for the rental car was $229 according to a Hertz rental car reservation confirmation email that petitioner proffered at trial. Petitioner claims that four-sevenths of that amount is deductible, contending that she used the car for business purposes four of the seven days it was rented.

[7]See Rev. Proc. 2006-41, sec. 3.02(1)(a), 2006-2 C.B. 777, 779. The per diem rates for 2006 are available at http://www.irs.gov/pub/irs-prior/p1542--2006.pdf (last visited August 29, 2016).

[8]While we are persuaded that petitioner incurred expenses in Jekyll Island during the period she claims, there is some doubt whether she--or her father--paid them, as the credit card statements she proffered to demonstrate payment were for a credit card she held jointly with her father. Because, as discussed infra, we conclude that petitioner has not demonstrated a business purpose for the Jekyll Island trip, we need not resolve whether she has shown that she paid the expenses.

The credit card statements are relevant for another purpose however. In her answering brief petitioner for the first time claimed entitlement to a shift in the burden of proof to respondent under sec. 7491(a) with respect to her entitlement to deduct the expenses of the Jekyll Island trip. Sec. 7491(a) shifts the burden of proof to the Commissioner only where the taxpayer has substantiated items in compliance with the requirements of the Internal Revenue Code. Sec. 7491(a)(2)(A). The credit card statements petitioner proffered to substantiate payment of the Jekyll Island expenses were heavily redacted--so much so that the holder of the account could not be discerned. Only under the Court's questioning

(continued...)

Petitioner testified that she traveled to Jekyll Island because her parents' company, Crossroads, had paid her to attend a conference and "assist from a technology standpoint". Her testimony regarding the conference and the payment was vague. If she was in fact paid to attend the conference and provide services, then her parents' company was obliged--if the payment was $600 or more--to issue her a Form 1099-MISC, Miscellaneous Income. See sec. 6041(a). However, no such Form 1099-MISC is in evidence. If she was paid less than $600, notwithstanding her claimed expenses of $636, then we conclude that the undertaking was not business related but instead a personal favor to her parents. Absent more substantial proof of a business purpose, we find that the Jekyll Island trip lacked one, and petitioner is accordingly not entitled to deduct the expenses arising from it.

Section 6662(a) Accuracy-Related Penalty

Respondent determined an accuracy-related penalty under section 6662(a) and (b)(1) and (2) on the basis of negligence or disregard of rules or regulations

---

[8](...continued)
did petitioner reveal that the account was held jointly by her and her father. Consequently, the credit card statements do not establish that petitioner paid the charges recorded thereon. We accordingly conclude that petitioner has not substantiated the Jekyll Island expenses so as to shift the burden of proof under sec. 7491(a).

and a substantial understatement of income tax. In general, the Commissioner has the burden of production with respect to the imposition of penalties and must offer sufficient evidence to indicate that imposing them is appropriate. Sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner has satisfied this burden, the burden shifts to the taxpayer to show that it is inappropriate to impose the penalty because of exculpatory factors, including reasonable cause. Higbee v. Commissioner, 116 T.C. at 446-447.

Section 6662(a) and (b)(1) and (2) imposes a 20% penalty on any underpayment of tax attributable to negligence or disregard of rules or regulations, or a substantial understatement of income tax, respectively. "'[N]egligence' includes any failure to make a reasonable attempt to comply" with the internal revenue laws. Sec. 6662(c). It connotes "a lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Freytag v. Commissioner, 89 T.C. 849, 887 (1987) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g 43 T.C. 168 (1964) and T.C. Memo. 1964-299), aff'd, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991). This includes "any failure by the taxpayer to keep adequate books and records or to substantiate items properly." Sec. 1.6662-3(b)(1), Income Tax Regs. Disregard of rules or regulations includes any careless, reckless, or

intentional disregard of the Internal Revenue Code, the regulations, or certain Internal Revenue Service administrative guidance. Id. subpara. (2). In general, an "understatement" of income tax is the excess of the amount of tax required to be shown on the return over the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Id. para. (1)(A).

No penalty is imposed with respect to any portion of an underpayment if the taxpayer acted with reasonable cause and in good faith with regard to that portion. Sec. 6664(c)(1). That determination is made case-by-case, depending on the facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Those circumstances include the experience, knowledge, and education of the taxpayer. Id.

Respondent has met his burden of production with respect to petitioner's negligence or disregard of rules or regulations as to the portion of the underpayment attributable to petitioner's disallowed Schedule A deductions. Petitioner conceded, without offering any justification, $2,365 of employee business expense deductions claimed for RWD-related travel on her Schedule A. Of the $3,008 in such expense deduction claims that she sought to defend, we found that she had actually been reimbursed for $2,973 of this amount and had

failed to prove reimbursement was unavailable for the remaining $35. Petitioner has also conceded, without offering any justification, $1,731 of employee business expense deductions claimed for clothing and was deemed to have conceded $762 of employee business expense deductions claimed for parking fees, tolls, and transportation because she did not address them. Additionally, petitioner failed to adequately substantiate the remaining $269 of contested clothing expense deductions as well as the $375 claimed as a Schedule A deduction for tax return preparation fees. See sec. 1.6662-3(b)(1), Income Tax Regs. As petitioner has offered no evidence that she claimed the disallowed Schedule A deductions with reasonable cause and in good faith within the meaning of section 6664(c), the portion of the underpayment relating to these disallowed deductions is attributable to negligence.

Respondent has also met his burden of production with respect to petitioner's negligence or disregard of rules or regulations as to the portion of the underpayment attributable to petitioner's disallowed Schedule C deductions. Petitioner conceded that she was not entitled to reduce her Schedule C gross receipts by $5,500 for returns and allowances, to deduct a reported $3,600 office expense, or to deduct $17,169 of her $19,024 of reported travel and meals and entertainment expenses. Petitioner failed to provide adequate substantiation as to

either the payment or the business purpose for the $857 deduction for travel and meals and entertainment expenses that she sought to defend.  See sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioner has failed to demonstrate that she acted with reasonable cause and in good faith within the meaning of section 6664(c) in claiming the disallowed Schedule C deductions, and this portion of the underpayment is therefore attributable to negligence.

In the event the Rule 155 computation demonstrates that petitioner's understatement of income tax for 2006 exceeds the greater of $5,000 or 10% of the amount of tax required to be shown on the return, we conclude that the underpayment for 2006 is also attributable to a substantial understatement of income tax for which petitioner has not shown reasonable cause.

To reflect the foregoing,

Decision will be entered

under Rule 155.